IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO BARTZINIE FLEMMING,

                Plaintiff,

vs.                                      Case No. 21-3189-SAC

CORECIVIC, et al.,

                Defendants.

**O R D E R**

Plaintiff, pro se, has filed at Doc. No. 4 a complaint on forms for bringing a civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges violations of his constitutional rights and negligence or misconduct in relation to his incarceration at the CoreCivic facility in Leavenworth, Kansas. In this order, the court shall review plaintiff's case on the court's own motion to determine whether plaintiff has stated a plausible claim for relief which this court has jurisdiction to consider. See Raiser v. Kono, 245 Fed.Appx. 732, 735 (10th Cir. 2007)(recognizing the court's authority to review complaints sua sponte to determine if they state a claim for relief).

---

[1] Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

I. Standards

The court shall liberally construe plaintiff's pro se complaint and apply "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a pro se litigant must follow the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [a pro se] plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the

2

elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

II. The complaint

Plaintiff alleges that he is an inmate at the CoreCivic Leavenworth Detention Center in Kansas. He claims that a jail officer named Delaney planted a spray can under an inmate's mattress and that the can was pulled out and aimed at plaintiff's face by another inmate after plaintiff requested that the inmate turn in the can. Plaintiff alleges that a jail officer named Brenda Miller refused to process plaintiff's grievances twice after plaintiff attempted to bring grievances over the incident.

Plaintiff names the following defendants: CoreCivic; Brenda Miller; and Mr. Delaney. He asserts violations of his First, Eighth and Fourteenth Amendment rights. Also, he alleges negligence.

III. Review of plaintiff's claims

The allegations in the complaint do not state a plausible claim for relief under § 1983, for reasons which have been made clear to plaintiff in previous cases he has filed. E.g., Flemming v. CoreCivic, Case No. 20-3321 at Doc. No. 8; Flemming v. Baker, Case No. 20-3127 at Doc. No. 9; Flemming v. Baker, Case No. 20-3097 at Doc. No. 11. CoreCivic is a private corporation. Plaintiff does not deny this in the complaint and this court has

3

acknowledged that fact in many other cases. See, e.g., Morris v. Rogers, 2021 WL 4622596 *2 (D.Kan. 10/7/2021). The complaint does not allege whether plaintiff is a federal prisoner. This court has stated in the past, however, that the CoreCivic facility in Leavenworth, Kansas primarily houses persons charged with federal offenses. See Wilson v. United States Marshals Service, 2018 WL 4681638 *3 (D.Kan. 9/28/2018)(CoreCivic is a private corporation contracting with the United States Marshals Service); McKeighan v. Corrections Corp. of America, 2008 WL 3822892 *3 (D.Kan. 8/13/2008)("CCA is a private contractor employed by an agency of the United States, usually the United States Marshals Service or the Federal Bureau of Prisons, to house its federal prisoners.").

A plaintiff bringing an action under § 1983 must allege a constitutional deprivation caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). This is traditionally shown by the exercise of power possessed by virtue of state law and made possible only because the alleged wrongdoer was clothed with the authority of state law. Id. at 49 (quotation omitted). Here, plaintiff has not alleged facts showing any state involvement with plaintiff's incarceration or that a named defendant has acted under color of state law.[2]

---

[2] The court notes in addition that negligence is a state law claim. Negligence does not provide a basis for liability under § 1983 which must be predicated upon a deliberate deprivation of constitutional rights. Jones v. Salt Lake County, 503 F.3d 1147, 1163 (10th Cir. 2007). Plaintiff does not allege facts showing that this court has jurisdiction to consider a state law claim for

Plaintiff also has failed to allege facts plausibly supporting the implication of a remedy directly under the Constitution under the Bivens theory.[3] The United States Supreme Court has found that a Bivens remedy is not available to an inmate suing employees of a private prison alleging an Eighth Amendment violation. Minneci v. Pollard, 565 U.S. 118, 120-21 (2012). The Court has also held that a Bivens action may not be brought against a private corporation operating a halfway house under a Bureau of Prisons contract. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 63, 71-73 (2001). The Court has reasoned that state law tort remedies exist against privately-employed defendants and, therefore, it is unnecessary to imply a remedy using the approach in Bivens. Minneci, 565 U.S. at 125; see also Crosby v. Martin, 502 Fed.Appx. 733, 735 (10th Cir. 2012). This has led this court to note in many cases that a remedy against CoreCivic and its employees may exist in an action in state court for negligence or other misconduct. E.g., Flemming v. CoreCivic, 2021 WL 462833 *4 (D.Kan. 2/9/2021); Francis v. Corrections Corporation of America, 2019 WL 6052424 *3 (D.Kan. 11/15/2019); Wilson, at *4.

Finally, plaintiff does not allege a plausible violation of his constitutional rights. The Eighth Amendment prohibits "cruel

---

negligence given that plaintiff's other federal law claims are subject to dismissal.
[3] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

and unusual punishments." It imposes a duty to provide "humane conditions of confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). Even if the complaint did not fail to allege the necessary governmental involvement, it would still fall short of stating an Eighth Amendment violation because the complaint does not describe actions or omissions which could plausibly be considered cruel and unusual punishment. The Fourteenth Amendment guarantees the equal protection of the laws and due process of law. An equal protection claim requires proof of discrimination against plaintiff. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). A due process claim requires proof of the denial of property or liberty without due process of law. See Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989). The complaint does not contain facts alleging these facts. Finally, the First Amendment protects freedom of speech and access to the courts without undue governmental interference. Plaintiff does not allege governmental interference. Furthermore, the filing of this complaint indicates that plaintiff has had access to the courts.

In sum, for the above-stated reasons, the complaint's allegations do not support a claim of a violation of the

Constitution or federal law which this federal court may consider under § 1983.

IV. Conclusion

For the above-stated reasons it appears that plaintiff has failed to state a claim which may be heard in this court. The court grants plaintiff time until November 30, 2021 to show cause why this case should not be dismissed without prejudice or to file an amended complaint which corrects the deficiencies identified in the original complaint. If plaintiff does not file a timely and sufficient response or an amended complaint stating a plausible claim which may be heard in this court, this case may be dismissed. An amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case. It should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 2nd day of November 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge