IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO BARTZINIE FLEMMING,

            Plaintiff,

vs.                                      Case No. 21-3189-SAC

CORECIVIC, et al.,

            Defendants.

**O R D E R**

This case is before the court for the purposes of screening plaintiff's amended complaint.  Doc. No. 13.  The court applies the same standards as the court discussed in the order screening the original complaint.  Doc. No. 7 at pp. 2-3.  Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 11) and his motion for compensation (Doc. No. 12) are also pending.

I. The original complaint and first screening order

Plaintiff's original complaint alleged that he is an inmate at the CoreCivic Leavenworth Detention Center in Kansas.  Plaintiff claimed that a jail officer named Delaney planted a spray can under a mattress and that the can was pulled out and aimed at plaintiff's face by another inmate after plaintiff requested that the inmate turn in the spray can.  Plaintiff alleged that a jail officer named Brenda Miller refused to process plaintiff's grievances twice after plaintiff attempted to bring grievances over the incident.

1

The original complaint named the following defendants: CoreCivic; Brenda Miller; and Mr. Delaney. Plaintiff asserted violations of his First, Eighth and Fourteenth Amendment rights. Also, he claimed negligence. Plaintiff presented the original complaint on a form for bringing an action under 42 U.S.C. § 1983.

The court's screening order indicated that the original complaint was subject to dismissal for the following reasons. First, CoreCivic is a private company and its employees are private individuals not subject to being sued under § 1983 or the Bivens theory. Second, plaintiff did not allege facts showing cruel and unusual punishment, a denial of access to the courts, discrimination, a denial of due process, or governmental interference with free speech and the right to petition the government. Doc. No. 7, pp. 3-6. The court gave plaintiff leave to "show cause why this case should not be dismissed without prejudice or to file an amended complaint which corrects the deficiencies identified in the original complaint." Doc. No. 7, p. 7.

## II. Screening the amended complaint

The amended complaint names Delaney and Miller as defendants. CoreCivic is listed in the caption as a defendant, but not mentioned in the body of the complaint. The amended complaint also names 16 new individual defendants, all but one of whom appear

2

to work for CoreCivic.[1]  These defendants are identified as a warden, assistant wardens, a doctor, nurses, and various prison officials.  Most if not all of these new defendants have no role in the spray can incident described in the original complaint.

The description of plaintiff's claims is more general and vague in the amended complaint than in the original complaint.[2] As an example, the amended complaint asserts as follows:

> "Defendants conspired to cause the plaintiff . . . major injuries, or possible death."
>
> "The plaintiff has been getting his equal protect[ion] rights denied, and constitutional rights violated by the CORE CIVIC staff . . ."
>
> "The defendant[s] got together and planned this through all the way down to the grievance process denying me my equal protection of the law."
>
> "The defendants [were] not proactive in getting the fogger style sprayer back into their possession.  They all were waiting for me to get hurt by the federal inmate."
>
> "Defendants planted a weapon owned by Core Civic for a Federal inmate to kill me.  Defendants got the grievance officer to keep denying my grievances thinking that I was going to give up.  Defendants got Federal inmates to steal my legal documents, property/papers.  Defendants deprived me of my liberties."

---

[1] One of the new defendants listed in the amended complaint, "Burgess," is identified as an on-site Marshal.  Doc. No. 13, p. 3. The court assumes he is employed with the U.S. Marshal's Service.

[2] Plaintiff has attached 363 pages of exhibits to the amended complaint.  The court has looked at the exhibits in conjunction with plaintiff's response to the court's show cause order (Doc. No. 14).  The court, however, is not obliged to sift through the exhibits in an effort to flesh out plaintiff's allegations. Askew v. USP Leavenworth, 2020 WL 3490232 *1 (D.Kan. 6/26/2020).

The "counts" of the amended complaint allege: Count I – "Conspiracy to deprive the plaintiff of his constitutional right, and his equal protection of the law"; Count II – "[Conspiracy] to harm the plaintiff while acting under color [of] state law"; and Count III – "Deprive the Plaintiff of his Fourteenth Amendment rights, 1st and 8th."[3]

The court finds that plaintiff's amended complaint is subject to dismissal for the following reasons. First, to the extent plaintiff is attempting to expand the scope of the case to reach new claims, as is suggested by the new defendants named in the amended complaint and the attached exhibits, this shall not be allowed. The court granted plaintiff leave to file an amended complaint that corrected the deficiencies identified in the original complaint, not to raise a group of unrelated claims against unrelated defendants. Courts have dismissed amended complaints under such circumstances. See Nicholas v. Heffner, 228 Fed.Appx. 139, 141 (3rd Cir. 2007); McClendon v. Wilson, 2012 WL 1598068 *2 (E.D.Tenn. 5/7/12); Edwards v. Junious, 2011 WL 777963 *1 (E.D.Cal.2/25/11). The court believes that permitting the amended complaint to proceed would cause substantial prejudice and be contrary to the principles that govern Fed.R.Civ.P. 15(a). See Foman v. Davis, 371 U.S. 178, 182 (1962)("undue prejudice to the

---

[3] In the amended complaint's request for relief, plaintiff refers to "breach of contract." The amended complaint, however, does not allege any facts which state a plausible claim for breach of contract.

opposing party" is grounds to disallow an amendment under Rule 15(a)).

Second, plaintiff has not corrected the deficiencies in the original complaint.  The amended complaint does not allege facts upon which a court could find that any named defendant is a person acting under color of state law as is necessary to bring an action under § 1983.  Nor has plaintiff provided facts to support a Bivens action in light of the Supreme Court precedent, listed in the court's first screening order (Doc. No. 7, p. 5), which holds that a Bivens action may not be brought against a private prison corporation.[4]

As for the cause of action described in the original complaint, plaintiff has not alleged facts in the amended complaint which demonstrate an 1st, 8th or 14th Amendment violation for the reasons discussed in the first screening order.  Doc. No. 7, p. 6.  Additionally, the failure to entertain a grievance under the circumstances described by plaintiff is not a constitutional violation even in a state-operated prison.  See Boyd v. Werholtz, 443 Fed.Appx. 331, 332 (10th Cir. 2011); Sawyer v. Green, 316 Fed.Appx. 715, 717 n.3 (10th Cir. 2008); Walters v. Corrs. Corp.

---

[4] Defendant Burgess may be a federal official who could conceivably be sued under the Bivens theory.  The amended complaint, however, does not allege facts which state a cause of action against defendant Burgess.  Plaintiff simply alleges, without factual elaboration, that Burgess refused to help.

5

of Am., 119 Fed.Appx. 190, 191 (10th Cir. 2004); Sperry v. Wildermuth, 2020 WL 7770932 *13-14 (D.Kan. 12/30/2020).

The claims for damages alleged in the amended complaint are also subject to dismissal. Any claim for compensatory damages in the amended complaint is barred by the provisions of 42 U.S.C. § 1997e(e) which prohibits the recovery of such damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." The amended complaint also does not assert facts which would support a plausible punitive damages claim. See Jolivet v. Deland, 966 F.2d 573, 577 (10th Cir. 1992)(holding that a claim for punitive damages requires proof of evil motive or intent or reckless or callous indifference to federally protected rights).

III. Motion for leave to proceed in forma pauperis

Finally, the court notes that plaintiff is a three-strikes litigant. See Flemming v. Core Civic Detention Center, Case No. 21-3121, Doc. No. 8. Therefore, ignoring for the moment the substantive deficiencies in the amended complaint, the court could not grant plaintiff's motion to proceed in forma pauperis without a showing that that plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). No such showing is made in the original complaint, the amended complaint, the motion to proceed in forma pauperis, or the response to the court's show cause order.

IV. Conclusion

For all of the reasons listed or referenced above, the court finds that plaintiff has not followed the court's rules and holdings, and has failed to state a plausible claim in the original and amended complaints.  The court further finds that plaintiff has not shown imminent danger of serious physical injury.  Therefore, this action is dismissed without prejudice, the motion seeking leave to proceed in forma pauperis (Doc. No. 11) is denied, and plaintiff's motion for compensation (Doc. No. 12) is considered moot.

**IT IS SO ORDERED.**

Dated this 4th day of January 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge